NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD DiBENEDETTI,                :
                                    :    Civil Action No. 05-3026 (JAP)
         Petitioner,                :
                                    :
    v.                              :    **OPINION**
                                    :
LYDELL SHERRER, et al.,              :
                                    :
         Respondents.               :

**APPEARANCES:**

Richard DiBenedetti, Petitioner pro se
293528/277012C
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**PISANO**, District Judge

    Petitioner Richard DiBenedetti, a prisoner currently confined at Northern State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are Warden Lydell Sherrer and New Jersey Attorney General Peter C. Harvey.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Because it appears that the Petition is untimely, notice has not been given pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Instead, the Court will order Petitioner to show cause why the Petition should not be dismissed as untimely. See 28 U.S.C. § 2243.

I. BACKGROUND

The background facts are taken from the Petition and attachments and are accepted as true for purposes of this Opinion and the accompanying Order to Show Cause.

Petitioner was convicted in the Superior Court of New Jersey, Trial Division, Bergen County, of Murder and Armed Robbery. He was sentenced to a term of 30 years imprisonment with 30 years parole ineligibility. The judgment of conviction was entered on August 11, 1997.[2] (Petition, ¶ 2.)

The Superior Court, Appellate Division, affirmed on February 17, 1998. (DA-136.) The Supreme Court of New Jersey denied certification on June 3, 1998. State v. DiBenedetti, 156 N.J. 308 (1998). Petitioner did not petition the U.S. Supreme Court for a writ of certiorari.

On October 22, 1998, Petitioner filed with the Superior Court, Bergen County, a pro se Notice of Motion seeking an Order

---

[2] In its Order denying Petitioner's second petition for post-conviction relief, the Superior Court, Bergen County, states that the judgment of conviction was entered on July 25, 1997. (DA-244.) The difference has no effect on the outcome of this case.

2

granting Waiver of Fees, pursuant to N.J.Ct.R. 3:22-6(a), an Order for Assignment of Counsel, pursuant to N.J.Ct.R. 3:22-6(b), and an Order Schedule an Evidentiary hearing on an Initial Post Conviction Petition, pursuant to N.J.Ct.R. 3:22-10. (DA-150.) The Notice of Motion also stated that:

> upon disposal of the above motions, defendant shall petition this Court for post-conviction relief in vacating his conviction and sentence as being obtained in violation of the United States Constitution and the Constitution of the State of New Jersey. Defendant shall rely upon the brief and appendix which assigned counsel may prepare and file in support of htis petition, and any amended pleadings submitted pursuant to N.J.Ct.R. 3:22-9.

(Id.) On August 30, 2000, through counsel, Petitioner filed his first state court petition for post-conviction relief. (DA-155.) The Superior Court, Bergen County, denied the first PCR petition by letter opinion dated December 8, 2000, and Order entered February 21, 2001. (DA-172; DA-178.) The denial of relief was affirmed by the Appellate Division on January 2, 2003. (DA-203.) The Supreme Court of New Jersey denied certification on June 23, 2003. State v. DiBenedetti, 177 N.J. 224 (2003).

On March 1, 2004, Petitioner filed his second state PCR petition. (DA-216.). The Superior Court, Bergen County, denied relief on March 3, 2004. (DA-244.) In pertinent part, the Superior Court held:

> Please be advised that Rule 3:22-5 states that "a prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction

3

> proceeding brought pursuant to this rule..." You previously filed for Post Conviction Relief claiming ineffective assistance of counsel. That petition was denied and was further affirmed by the Appellate Division. You now petition for Post Conviction Relief again claiming ineffective assistance of counsel. This issue was already adjudicated and therefore your petition is dismissed.
>
> Further, subject to Rule 3:22-12, your petition is time-barred based on the fact that "no other petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked..." The Judgment of Conviction was entered on July 25, 1997. Therefore, 6 years and 7 months have passed since the entry of judgment and you are out of time to file for Post Conviction Relief.
>
> In conclusion, your petition for Post Conviction Relief is denied pursuant to Rule 3:22-5 and Rule 3:22-12.

(DA-244.) On January 12, 2005, the Appellate Division affirmed the denial of relief. (DA-275.)

> The trial court correctly concluded that defendant's petition should be dismissed, both under R. 3:22-5, barring grounds expressly adjudicated in prior proceedings, and under R. 3:22-12, setting a five-year time limit from the date of the original sentence (in this case July 1997) for the filing of petitions seeking post-conviction relief.

(DA-279.) On March 23, 2005, the Supreme Court of New Jersey denied certification. State v. DiBenedetti, 183 N.J. 217 (2005).

The Petition filed with this Court seeking relief pursuant to 28 U.S.C. § 2254 is dated June 8, 2005, and will be deemed filed as of that date for purposes of this Opinion and the accompanying Order. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se prisoner's habeas petition is deemed filed

4

at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

5

III. <u>ANALYSIS</u>

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Thus, Petitioner's conviction became final on September 1, 1998, 90 days after the Supreme Court of New Jersey denied certification on June 3, 1998.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

Here, assuming that the Notice of Motion filed on October 22, 1998, constituted a "properly filed application for State post-conviction or other collateral review,"[3] 28 U.S.C. 2244(d)(2), it was filed 51 days after Petitioner's conviction became final, giving Petitioner until April 29, 2004, 311 days after the Supreme Court of New Jersey denied certification on

---

[3] Given the outcome, it is not necessary at this time for this Court to determine whether the Notice of Motion constituted a properly filed application for post-conviction relief, or whether only the Petition filed on August 30, 2000, is sufficient to constitute a properly filed application for post-conviction relief. The Court, therefore, will calculate the limitations period using the calculation most generous to Petitioner.

June 23, 2003, to file a federal petition under § 2254, barring further tolling.

Petitioner filed a second state PCR petition on March 1, 2004. This second state PCR petition, however, clearly was not a "properly filed" application for state post-conviction relief.

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling

under § 2244(d)(2). <u>Pace v. Diguglielmo</u>, 125 S.Ct. 1807, 1814 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

Here, both the trial court and the Appellate Division clearly held that the second PCR petition was untimely. Thus, that is the end of the matter. The second PCR petition does not toll the limitations period under § 2244(d)(2). <u>See</u> <u>Long v. Wilson</u>, 393 F.3d 390, 394-95 (3d Cir. 2004).

The limitations period of § 2244(d) is also subject, however, to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas

petition. <u>Jones</u>, 195 F.3d at 159. <u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner has suggested no facts that would justify equitable tolling. Accordingly, because the Petition was filed after April 29, 2004, it appears to be untimely. Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice as untimely. <u>See</u> <u>Long</u>, 393 F.3d at 401-04 (court may raise limitations issue <u>sua sponte</u>, even after answer has been filed); <u>United States v. Bendolph</u>, 2005 WL 1134860 (3d Cir. May 16, 2005) (same, and providing further guidance that the district court must, prior to any dismissal, give notice of the issue and an opportunity to respond).

## IV. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why this Petition should not be dismissed with prejudice as untimely. An appropriate order follows.

_____
Joel A. Pisano
United States District Judge

Dated: 6/24/05